UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
DEC 16 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 05-06-GWU

DONALD H. SCOTT, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Scott

    Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

Scott

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Scott

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Scott

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Scott

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

Scott

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Donald H. Scott, filed his current applications for DIB and SSI on February 13, 2002, alleging disability due to back pain and bad nerves. (Tr. 268, 279, 330). Mr. Scott had previously filed an application for DIB which was denied by an Administrative Law Judge (ALJ) in a decision dated January 25, 2001 (Tr. 10-18).[1]

After a series of administrative denials and appeals, the plaintiff's current application was heard by another ALJ, who determined that Mr. Scott and had "severe" impairments due to problems with his back, neck, knees, left arm, lungs, depression, and substance abuse. (Tr. 220). However, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Scott retained the residual functional capacity to perform a significant number of light level jobs existing

---

[1] This administrative decision was affirmed in a decision by Judge Karen K. Caldwell on February 19, 2003, and apparently not further pursued. Scott v. Social Security Administration, Pikeville Civil Action No. 02-248 (E. D. Ky.).

7

Scott

in the economy and, therefore, was not entitled to benefits. (Tr. 220-1). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to light level exertion, and also had the following non-exertional restrictions. (Tr. 564). He: (1) would need to sit or stand at 30 minute intervals; (2) could occasionally stoop, climb, and crawl; (3) needed to avoid constant or repetitive activities with his left arm; (4) needed to avoid excessive dust, fumes, gases, or temperature extremes; (5) would have a "fair" (defined as "limited but satisfactory") ability to deal with the public, deal with work stresses, maintain attention and concentration, understand, remember, and carry out detailed but not complex job instructions, and behave in an emotionally stable manner; and (6) would have a "poor" (defined as "seriously limited but not precluded") ability to understand, remember, and carry out complex job instructions, relate predictably in social situations, and to demonstrate reliability. (Tr. 564-5). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 565-6).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Scott

The ALJ's physical functional capacity findings were supported by state agency non-examining physicians (Tr. 440-7, 504-11), and were also consistent with the physical restrictions found by the ALJ in the prior, final administrative decision (Tr. 17). The only medical evidence possibly indicating greater restrictions were passing references in the notes of Dr. Frederick Cohn, who examined the plaintiff on two occasions and referred to him as being totally disabled. (Tr. 518-19). However, the reference to total disability is not supported by any objective testing or examination results, since the physician listed all objective physical signs as being normal, and complained that he could not obtain studies such as MRIs. (Id.). Also, the plaintiff does not contest this issue on appeal. Therefore, the physical factors in the hypothetical question are clearly supported by substantial evidence.

The plaintiff specifically challenges the mental restrictions found by the current ALJ, pointing to slightly different findings by the ALJ in the 2001 decision, and citing the case of <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837 (6th Cir. 1997) for the proposition that the ALJ in the current decision was bound by the findings of the first ALJ. While this is true as a general proposition, there was an intervening mental status evaluation of Mr. Scott by Psychologist Phil Pack on December 4, 2002, which was clearly not available to the first ALJ. (Tr. 520-4). The current ALJ adopted the specific functional restrictions and definitions used by Mr. Pack in completing his mental medical assessment form. (Tr. 523-4). The more recent examination provides evidence of a change in the plaintiff's condition since

9

Scott

last administrative decision and, under such circumstances, strict adherence to the prior findings of fact is not required. 126 F.3d at 842. The ALJ could reasonably have relied on Mr. Pack's opinion as an examining source, and there is no evidence from treating sources indicating greater restrictions.[2]

The plaintiff's second argument on appeal is that the ALJ failed to explain the weight he was giving to state agency reviewing psychologists, who also issued opinions, as required by 20 C.F.R. Section 404.1527(f)(2)(i) (2004). One of the state agency reviewers, however, found that the plaintiff did not even have a "severe" mental impairment (Tr. 425), and, while the second reviewer did indicate a "moderately limited" ability to interact appropriately with the general public and something less than a moderate limitation in his ability to respond appropriately to changes in the work setting (Tr. 499-501), she did not have access to Mr. Pack's report at the time, and the ALJ could reasonably have accepted Mr. Pack's subsequent opinion. While the Commissioner has a duty to follow her own administrative rules and regulations, a remand under the facts of this case would be

---

[2]The plaintiff had sought treatment at the Mountain Comprehensive Care Center (MCCC) in September, 2001, and was given a diagnosis of major depression and generalized anxiety disorder, with a current Global Assessment of Functioning (GAF) score of 60. (Tr. 475-6). A GAF score of 60 reflects "moderate symptoms." Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34. No subsequent score was given. (E.g., Tr. 453-5). Therefore, there is nothing in the MCCC records which would suggest greater limitations than found by Mr. Pack.

10

Scott

"an idle and useless formality." <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 571, 547 (6th Cir. 2004) (citation omitted).

    The decision will be affirmed.

    This the ___14___ day of December, 2005.

                                                */s/ G. Wix Unthank*
                                             G. WIX UNTHANK
                                             SENIOR JUDGE